UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 8:12-CR-83-T-17MAP

CARLOS GOODMAN.

_____/

ORDER

This cause is before the Court on:

Dkt. 163   Motion for Relief Pursuant to Sec. 2255 (f)(3) or (f)(4) or in the Alternative if the Court Deems Motion for Sentence Reduction Under Sec. 3582 (c)(2) or the All Writs Act - Audita Querela

Defendant Carlos D. Goodman, pro se, seeks relief "from a sentence exceeding his applicable guideline range." Defendant Goodman contends that he is entitled to a de novo resentencing hearing without application of the career offender enhancement.

Defendant Goodman argues that the Eleventh Circuit has held that his prior "Fleeing and attempting to [E]lude" convictions were not violent offenses and may not be used under U.S.S.G. Sec. 4B1.1, and the remaining prior convictions were not controlled substance offenses under Mathis v. United States, 136 S.Ct. 2243 (2016)(clarified that the modified categorical approach does not apply when the statute lists "diverse means of satisfying a single element of a single crime).

Case No. 8:12-CR-83-T-17MAP

I. Background

Defendant Goodman pleaded guilty to Counts 4 and 5 of the Superseding Indictment. (Dkts. 94, 98). Both Counts charge violations of 21 U.S.C. Secs. 841 (a)(1), 841 (b)(1)(A), and 846:

4: Conspiracy to Possess with Intent to Distribute 5 kilograms or more of Cocaine

5: Conspiracy to Possess with Intent to Distribute 280 Grams or More of Cocaine Base.

Defendant Goodman was sentenced on March 22, 2013. (Dkts. 111, 118). Defendant's sentence included 262 months imprisonment on each Count, to run concurrently, and 120 months of supervised release on each Count, to run concurrently; the fine was waived, and a $100 special assessment fee was imposed for each Count.

Prior to Sentencing, the Government filed its Information and Notice of Prior Convictions. (Dkt. 17). The Government later filed its Amended Information and Notice of Prior Convictions. (Dkt. 108). The Amended Information provides:

4. On or about August 2, 2000, the defendant was convicted of Possession of Cocaine with Intent to Sell or Deliver, in the Circuit Court, Thirteenth Judicial Circuit, in and for Hillsborough County, in case number 98-CF-013062, in violation of the laws and statutes of the State of Florida.

5. Said conviction is a prior conviction within the meaning of Title 21, United States Code, Section 851, which mandates an increased sentence under Title 21, United States Code, Section 841(b).

Case No. 8:12-CR-83-T-17MAP

The 2012 Guidelines Manual, incorporating all guidelines amendments, was used to determine Defendant Goodman's offense level. Defendant Carlos D. Goodman was sentenced as a "Career Offender." The Presentence Investigation Report provides:

> 32. **Chapter Four Enhancements**: The defendant is a career offender as defined in USSG § 4B1.1. He was 35 when he committed the offense. The offenses of conviction are controlled substance offenses, and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense:
>
> (a) Possession of Cocaine with Intent to Sell or Deliver, Hillsborough County Circuit Court, Case No. 98CF13062, a felony controlled substance offense, sentenced on August 2, 2000;
>
> (b) Possession of Cannabis with Intent to Sell or Deliver, Hillsborough County Circuit Court, Case No. 99CF4949, a felony controlled substance offense, sentenced on August 2, 2000;
>
> (c) Possession of Cocaine with Intent to Sell or Deliver, Hillsborough County Circuit Court, Case No. 02CF2085, a felony controlled substance offense, sentenced on March 28, 2003;
>
> (d) Aggravated Fleeing to Elude and Burglary of a Dwelling, Hillsborough County Circuit Court, Case No. 04CF7502, felony crimes of violence, sentenced on October 13, 2004; and
>
> (e) Fleeing and Attempting to Elude a Police Officer, Hillsborough County Circuit Court, Case No. 09CF17305, a felony crime of violence, sentenced on June 30, 2010.

The Addendum to the PSR includes Defendant Goodman's objection to Paragraph 32(e), the career offender predicate. Defendant's objection states:

> For the purpose of preserving the record, the defendant objects to the classification of simple [fleeing] and eluding, in violation of F.S. 316.1935(1), as a crime of violence. The defendant recognizes that current precedent holds that the simple fleeing and eluding statute at issue qualifies as a crime of violence for purposes of the USSG

3

Sec. 4B1.1 enhancement; however, the defendant objects in good faith and for record preservation purposes. The defendant also recognizes that, in light of the other convictions set forth in paragraph 32, the instant objection would have no bearing on the application of USSG Sec. 4B1.1 in this case.

In the Addendum, Probation responds:

The probation office recommended that the defendant be categorized as a career offender based on five prior felony convictions of either a controlled substance offense or a crime of violence.

...

While the Eleventh Circuit has not ruled squarely on subsection (1) of F.S. 316.1935, the statute under which the defendant previously was convicted in this case, the Court has noted that there are sound reasons to conclude, as the Supreme Court did in ***Sykes***, that any form of intentional flight from a police officer presents powerful risks comparable to those presented in the ACCA's enumerated crimes. *Id.*

Based on the logic in both ***Sykes*** (Sykes v. United States, 131 S.Ct. 2267 (2011)) and ***Petite*** (United States v. Petite, 703 F.3d 1290, 1296 (11th Cir. 2013), the probation office believes that a conviction under F.S. Sec. 316.1935(1) should be categorized as a "crime of violence."

At sentencing, the Court overruled Defendant Goodman's objection. Defendant Goodman also made an oral motion for variance to 240 months mandatory minimum imprisonment pursuant to 18 U.S.C. Sec. 3553(a)(1)-(7). (Dkt. 116). The Court denied Defendant's Motion. (Dkt. 117).

The Government moved to dismiss Counts 1, 2 and 3 of the Superseding Indictment, and all Counts of the underlying Indictment. (Dkt. 112). The Court granted the Motion. (Dkt. 113).

4

Case No. 8:12-CR-83-T-17MAP

After sentencing, Defendant Goodman did not pursue an appeal. Defendant Goodman filed a Sec. 2255 Petition (Case No. 8:14-CV-1653-T-17MAP). (Dkt. 149). The Court denied the Petition as time-barred. (Dkt. 150). An Amendment 782 Memorandum was filed by Probation, which states that Defendant Goodman is not eligible for a reduction; Defendant Goodman was sentenced as a career offender, and a mandatory minimum term was imposed.

The Federal Defender's Office filed a Notice that the requirements imposed by the Amendment 782 Omnibus Order have been fulfilled. (Dkt. 160). Defendant Goodman was notified that Defendant Goodman could pursue a pro se motion to reduce sentence under Amendment 782.

Defendant Goodman filed a second Sec. 2255 Petition (Case No. 8:17-CV-1305-T-17MAP). (Dkt. 164). In the Petition, Defendant Goodman challenged the validity of his sentence in the criminal cased based on Mathis v. U.S., 136 S.Ct. 2243 (2016) (holding that: 1) a prior conviction does not qualify as the generic form of a predicate violent felony offense listed in the ACCA if an element of the offense of the crime of conviction is broader than an element of the generic offense because the crime of conviction enumerates various alternative factual means of satisfying a single element, abrogating **United States v. Ozier**, 796 F.3d 597, and **United States v. Trent,** 767 F.3d 1046, and 2) Iowa's burglary statute had a broader locational element than generic burglary). The Court denied the Petition, noting that Defendant Goodman is precluded from pursuing a second or successive petition without permission from the Eleventh Circuit Court of Appeals; this Court lacks jurisdiction to review Defendant Goodman's motion to vacate until the Eleventh Circuit grants Defendant Goodman permission to file a second or successive motion to vacate. (Dkt. 166).

5

Case No. 8:12-CR-83-T-17MAP

II. Discussion

A. Sec. 2255

Under AEDPA, the basis for a second or successive 2255 motion is governed exclusively by statute. See 28 U.S.C. Secs. 2244(b) and 2255(h). There are only two ways a federal court obtains jurisdiction to consider whether or not to disturb the finality of a criminal judgment challenged by a second or successive Sec. 2255 motion:

Sec. 2255(h) requires a panel of the Court of Appeals to certify that the motion involves:

1. Newly discovered evidence that would establish that no reasonable fact-finder would have found the movant guilty of the offense, or

2. A new rules of constitutional law made retroactive by the Supreme Court.

1. Sec. 2255 (f)(3)

Sec. 2255 (f)(3) provides:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

...

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

Case No. 8:12-CR-83-T-17MAP

Defendant Goodman asserts that Defendant is filing a timely Sec. 2255 motion under Descamps/Mathis.

A movant filing his first Sec. 2255 motion is entitled to retroactive application of Descamps, 133 S. Ct. 2276 (2013)(modified categorical approach available when statute of conviction contains divisible elements). In re Griffin, 823 F.3d 1350, 1356 (11th Cir. 2016).

However, this is not Defendant Goodman's first Sec. 2255 motion, but is a successive motion which has not been certified by the Eleventh Circuit Court of Appeals.

Descamps and Mathis are "old rules" which apply on direct and collateral review. An "old rule" clarifies precedent that existed at the time of the conviction or sentencing. Under AEDPA, Descamps and Mathis are not retroactive for the purpose of a second or successive 2255 because they are not new rules of constitutional law made retroactive by the Supreme Court.

After consideration, the Court denies Defendant Goodman's motion as to this issue. The Court does not have jurisdiction to rule on it. Defendant Goodman's initial Sec. 2255 Motion was denied, and Defendant Goodman has not obtained certification from the Eleventh Circuit Court of Appeals as to a successive Motion.

2.   Sec. 2255 (f)(4)

Sec. 2255 (f)(4) provides:

Case No. 8:12-CR-83-T-17MAP

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

...

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Defendant Goodman raised only one objection at sentencing, and that objection was asserted as to Defendant's prior "fleeing and eluding" conviction. Defendant Goodman recognized at sentencing that the other prior convictions were sufficient to establish Defendant's career offender status.

Because Defendant Goodman did not object to other factual findings underlying Defendant's sentence, Defendant was deemed to admit the factual findings underlying Defendant's sentence. U.S. v. Shelton, 400 F.3d 1325 (11th Cir. 2005).

Defendant Goodman did not appeal his sentence. Neither of the two exceptions to the procedural default rule, 1) cause and actual prejudice, and 2) actual innocence, are present here.

Defendant Goodman's initial Sec. 2255 Motion was denied, and Defendant Goodman has not obtained certification from the Eleventh Circuit Court of Appeals as to a successive Motion. After consideration, the Court denies Defendant Goodman's Motion as to this issue for lack of jurisdiction.

3.    18 U.S.C. Sec. 3582(c)(2)

Case No. 8:12-CR-83-T-17MAP

18 U.S.C. Sec. 3582(c)(2) provides:

(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that–

...

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Defendant Goodman is not a defendant who has been sentenced to a term of imprisonment based on a sentencing range which has been subsequently lowered by the Sentencing Commission.

Defendant Goodman's base offense level was initially determined by the amount of drugs (1873.2 kilograms); then the career offender enhancement was applied, then Defendant's total offense level was adjusted for acceptance of responsibility.

At the time of sentencing, Defendant Goodman objected only to the use of the "fleeing and eluding" conviction. Defendant Goodman has other convictions that would have been sufficient for the application of the career offender enhancement.

Case No. 8:12-CR-83-T-17MAP

After consideration, the Court denies Defendant Goodman's Motion as to this issue.

4. Writ of audita querela

In criminal cases, a writ audita querela is available where there is a legal, versus equitable, objection to a conviction that has arisen subsequent to the conviction and is not redressable pursuant to another post-conviction remedy. United States v. Morgan, 346 U.S. 502 (1954).

However, the writ of audita querela may not be used to circumvent the limitations of filing motions to vacate. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); U.S. v. Davis, 352 Fed. Appx. 314 (11th Cir. October 29, 2009)(unpublished)(proper avenue of relief for challenge to sentence for purported improper enhancement was motion to vacate, set aside or correct sentence). Further, a defendant's knowing and voluntary waiver of his right to appeal a sentence applies to petitions for a writ of audita querela. U.S. v. Masilotti, 565 Fed. Appx. 837 (11th Cir. May 12, 2014)(unpublished)(knowing and voluntary waiver enforceable against claims based on subsequent changes in the law);

Defendant Goodman entered into a Plea Agreement that includes an appeal waiver. Defendant Goodman has previously challenged his sentence through Sec. 2255 Motions, which have been denied.

After consideration, the Court denies Defendant Goodman's Motion as to this issue. Accordingly, it is

Case No. 8:12-CR-83-T-17MAP

**ORDERED** that pro se Defendant Carlos Goodman's Motion For Relief Pursuant to Sec. 2255 (f)(3) or (f)(4) or in the Alternative if the Court Deems Motion for Sentence Reduction Under Sec. 3582 (c)(2) or All Writs Act - Audita Querela (Dkt. 163) is **denied**.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 23rd day of October, 2018.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

Pro Se Defendant:

Carlos Goodman
#56331-018
FCI Estill
P. O. Box 699
Estill, SC     29918